IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 17, 2022 Session

## KEVIN J. MCNEILL v. BLOUNT MEMORIAL HOSPITAL INCORPORATED, ET AL.

**Appeal from the Circuit Court for Blount County**
**No. L-20442      David R. Duggan, Judge**

_____

### No. E2022-00209-COA-R3-CV

_____

The pro se plaintiff appeals the trial court's summary judgment dismissal of his action against the defendant hospital and its Chief Executive Officer.  The trial court also granted the hospital CEO's motion for a reasonable award of attorney fees and costs in defending against the lawsuit in his personal capacity pursuant to Tennessee Code Annotated § 29-20-113.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and KRISTI M. DAVIS, J., joined.

Kevin J. McNeill, Maryville, Tennessee, pro se.

LaJuana G. Atkins, Maryville, Tennessee, for the appellees, Blount Memorial Hospital Incorporated and Irwin Donald Heinemann.

**OPINION**

## I.      BACKGROUND

The appellant, Kevin J. McNeill ("Plaintiff"), served as an at-will volunteer at appellee Blount Memorial Hospital, Inc. ("BMHI") prior to the filing of this action.  At some point, Plaintiff expressed an interest in serving on the BMHI Board of Directors.  Around that time, he began making public records requests to BMHI.  BMHI determined that Plaintiff failed to follow its rules and procedures when making public records requests.  BMHI also determined that Plaintiff's actions disrupted its operations and caused emotional distress to an employee.  On March 6, 2019, with approval from appellee Irwin

Donald Heinemann, BMHI's then-Chief Executive Officer, the BMHI security office terminated Plaintiff's volunteer position and issued a no trespass notice to him based upon his aforementioned behavior. The notice advised Plaintiff that he could no longer enter BMHI, except for the purposes of receiving medical care.

On March 2, 2020, Plaintiff filed a complaint against BMHI and Mr. Heinemann (collectively, "Defendants") asserting "violations of the Tennessee Public Records Act" and his entitlement "to due process before his right to freely enter public property can be deprived." Plaintiff requested restoration of his access to BMHI and its public meetings, reinstatement to his position as a hospital volunteer, and an unspecified sum of monetary damages to be determined by a jury. Defendants timely answered the complaint. As an affirmative defense, BMHI asserted that it is a governmental entity entitled to the immunity, defenses, and limitations on damages set forth in the Tennessee Governmental Tort Liability Act, Tennessee Code Annotated sections 29-20-205 (1) and (2). The parties agree that Plaintiff filed a motion to amend his complaint after the answer was filed and that Defendants filed a motion for summary judgment, although neither motion is in the appellate record.[1] From the transcript and the filings that are in the record, we can discern that Defendants filed affidavits and deposition testimony to support their motion for summary judgment, but those are missing from the appellate record, save one affidavit. Before and after the filing of the aforementioned motions, Plaintiff filed several other motions and numerous exhibits.

As required by Tennessee Rule of Civil Procedure 56.03, Defendants filed a statement of the material facts as to which they, as the parties moving for summary judgment, contended there was no genuine issue for trial. This filing is also missing from the appellate record. On March 23, 2021, Plaintiff filed an "opposition to motion for summary judgment" wherein he conceded that "the facts in the moving party's motion [for summary judgment] are undisputed for purposes of ruling on the motion for summary judgment" with some listed exceptions.

The trial court heard arguments on Defendants' motion for summary judgment and Plaintiff's motion to amend on August 13, 2021. The trial court granted Plaintiff's motion to amend the complaint except for Count 4, so the parties proceeded to argue for or against summary judgment based upon the allegations and causes of action in Plaintiff's operative amended complaint. Mr. Heinemann argued that he would be entitled to statutory attorney fees and costs if he were to be the prevailing party. The trial court ruled that Plaintiff had failed to respond to Defendants' statement of material facts pursuant to Tennessee Rule of

---

[1] The amended complaint is in the record.

Civil Procedure 56.03. For this reason, the trial court held that the following facts, summarized below, were undisputed in the record:[2]

> BMHI is a governmental entity as defined by Tennessee Code Annotated § 29-20-102. Irwin Donald Heinemann is the Chief Executive Officer of BMHI and was acting in that capacity as to all matters related to Plaintiff. Plaintiff was a volunteer at BMHI. As such, Plaintiff had no rights to continue as a volunteer but could have ceased volunteering at any time and could have been terminated at any time for any reason. Cindy M. Mack is Heinemann's executive assistant and BMHI's designated public records request coordinator. She fulfills all requests for public records pursuant to the BMHI open records policy.
>
> Plaintiff avers that he was investigating BMHI for potential fraud, abuse or waste of public money since January 9, 2019. Initially, Plaintiff would go to BMHI to view the records he requested, but he expressed displeasure with the provided documents. Plaintiff became upset and accused Mack of ignoring his email requests. However, he had not been sending his requests to Mack's dedicated email but to an email address that was not functional, so his requests were not delivered to her. Mack expressed anxiety over her meetings with Plaintiff and became concerned over Plaintiff's demeanor when he was upset with the records provided to him. Even though Plaintiff did not threaten Mack, she could see that he was struggling to control his anger and questioned what would happen if he lost his temper. Frightened, Mack reported her concerns to the Director of Security.
>
> Often, Plaintiff would violate the BMHI policy by emailing or visiting BMHI employees' offices to request records directly from them even though he had been given the policy and reminded of its requirements. Plaintiff would often make requests for documents that did not exist and was unhappy with the response. In fact, Plaintiff requested his own personnel or employee file, which did not exist because he was not an employee. When told the file did not exist, Plaintiff filed a complaint with the Office of Open Records Counsel. Either Heinemann or Mack addressed the complaints with Open Records Counsel, Lee Pope. After BMHI's correspondence to Mr. Pope, he never replied in the negative to BMHI's explanation or took any actions against BMHI.

---

[2] The trial court read the undisputed facts from Defendants' statement of material facts.

Chris Wilkes is the Director of Human Resources for BMHI and was acting in that capacity as to all matters related to Plaintiff. Wilkes is not nor has he ever been the BMHI public records request coordinator, and he does not produce for inspection or copying BMHI records subject to the Tennessee Public Records Act. An effort was made to redirect Plaintiff to the proper process for requesting records several times, both verbally and in writing. In disregard for BMHI policy, Plaintiff went into Wilkes' office unannounced demanding that he immediately provide a copy of an employee's file. Wilkes explained that even if his office maintained those records, no legal request or release was made. Plaintiff replied that Wilkes needed to study the law and that anytime someone comes in and verbally requests a record, it needs to be provided. When Plaintiff was reminded that his request must be made to the BMHI Public Records Request Coordinator, he became belligerent. Wilkes believed that Plaintiff was using a bullying tactic in an attempt to circumvent the proper process to get what he wanted because he was very demanding and chastised Wilkes as being ignorant of the law. Wilkes and Heinemann exchanged emails regarding Plaintiff's behavior and the disruption that it caused. Wilkes complained to BMHI's Director of Security because Plaintiff's behavior was disturbing and disruptive of the operations of his office.

The final affront occurred when Plaintiff requested and was provided with a particular female employee's personnel file, then somehow discovered the location of her other place of employment in Knoxville, not affiliated with BMHI or noted in her file. Plaintiff arrived at her workplace unannounced and inquired about her employment with BMHI. Quite shaken by the incident, the employee made a complaint to BMHI's Director of Security.

Heinemann became aware of the complaints BMHI employees made to the Director of Security about Plaintiff. Heinemann discussed the decision to issue a no trespass notice to Plaintiff based on the reports received and conversations with some of the complainants. Using the discretion within his authority as CEO of BMHI, Heinemann agreed that the proposed no trespass notice was appropriate. When employees expressed fear and anxiety with Plaintiff's tactics, the issuance of the no trespass notice and his termination as a volunteer were both necessary to ensure that he would no longer disrupt BMHI's business operations and that BMHI employees would feel secure in their workplace.

On March 6, 2019, BMHI's Director of Security gave Plaintiff the no trespass notice. The decision to issue the notice was not in response to

- 4 -

Plaintiff's records requests. It was in response to his disturbance of business operations by attempts to circumvent BMHI policy regarding records requests by emailing and/or appearing unannounced in BMHI employees' offices, demanding records, and his behavior towards BMHI employees. BMHI has not publicized the no trespass notice or any of its supporting documentation. Plaintiff continues to mail records requests. BMHI has continued to respond to records requests made by Plaintiff after the filing of his complaint in the trial court. Plaintiff may still use BMHI facilities for medical care.

The trial court held that "essential elements of the Plaintiff's claim [have] been negated . . . and Plaintiff cannot prove his claim." Based on the foregoing undisputed facts, the court concluded that there was no genuine issue of material fact and that Defendants were entitled to judgment as a matter of law. The trial court reserved ruling on Mr. Heinemann's attorney fee request pending his petition for fees and Plaintiff's response. All other pending motions were rendered moot by the court's judgment in favor of Defendants. The trial court incorporated its ruling in an order entered September 3, 2021.

Following a hearing on December 17, 2021, and by order entered January 31, 2022, the court granted Mr. Heinemann's request for attorney fees incurred in his defense of the action pursuant to Tennessee Code Annotated section 29-20-113. The modified $17,970.00 attorney fee award was stayed until after the appeal process or the expiration of the time to appeal. Plaintiff appealed.

## II. ISSUES

We consolidate and restate the issues on appeal as follows:

A. Whether the appeal should be dismissed for failure to follow the Tennessee Rules of Appellate Procedure and the Rules of the Court of Appeals of Tennessee.

B. Whether the trial court committed reversible error in hearing Defendants' motion for summary judgment directly after granting, in part, Plaintiff's motion to amend the complaint.

C. Whether the trial court erred by entering summary judgment in Defendants' favor.

D.      Whether the trial court erred by declining to follow Plaintiff's proposed agenda for the August 13, 2021 hearing and by denying as moot or dismissing as appropriate the remaining motions that had not been set for hearing in accordance with the Local Rules.

E.      Whether the trial court's entry of a party-prepared order was in violation of Tennessee Rule of Civil Procedure 56.04 and *Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303 (Tenn. 2014).

F.      Whether Mr. Heinemann is entitled to reasonable attorney fees and costs pursuant to Tennessee Code Annotated section 29-20-113.

## III.    STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

When a party moves for summary judgment but does not have the burden of proof at trial, the moving party must either submit evidence "affirmatively negating an essential element of the nonmoving party's claim" or "demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). Once the moving party has satisfied this requirement, the nonmoving party "'may not rest upon the mere allegations or denials of [its] pleading.'" *Id*. at 265 (quoting Tenn. R. Civ. P. 56.06). Rather, the nonmoving party must respond and produce affidavits, depositions, responses to interrogatories, or other discovery that "set forth specific facts showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06; *see also Rye*, 477 S.W.3d at 265. If the nonmoving party fails to respond in this way, "summary judgment, if appropriate, shall be entered against the [nonmoving] party." Tenn. R. Civ. P. 56.06.

We review a trial court's summary judgment determination de novo, with no presumption of correctness. *Rye*, 477 S.W.3d at 250. Therefore, "we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id*. In reviewing a summary judgment motion on appeal, "we are required to review the evidence in the light most favorable to the nonmoving party and to draw all reasonable inferences favoring the nonmoving party." *Shaw v. Metro. Gov't of Nashville & Davidson Cnty.*, 596 S.W.3d 726, 733 (Tenn. Ct. App. 2019) (citations and quotations omitted).

## IV.   DISCUSSION

### A.

At the outset, we must address Defendants' argument wherein they request this Court to dismiss the appeal.  Correctly noting that Plaintiff has demonstrated a pattern of ignoring rules and procedures throughout this litigation, Defendants argue that the appeal should be dismissed based on Plaintiff's failure to comply with the mandatory provisions of Rule 27(a) of the Tennessee Rules of Appellate Procedure and Rule 6 of the Rules of the Court of Appeals of Tennessee.  Tennessee Rule of Appellate Procedure 27 instructs that the appellant's brief "shall contain:"

(1) A table of contents, with references to the pages in the brief;

(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

. . .

(4) A statement of the issues presented for review;

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth: (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a). Additionally, Rule 6 of the Tennessee Court of Appeals states in part:

(a) Written argument in regard to each issue on appeal shall contain:

(1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, *with citation to the record where the erroneous or corrective action is recorded*.

(2) A statement showing how such alleged error was seasonably called to the attention of the trial judge *with citation to that part of the record where appellant's challenge of the alleged error is recorded*.

(3) A statement reciting wherein appellant was prejudiced by such alleged error, *with citations to the record showing where the resultant prejudice is recorded*.

(4) A statement of each determinative fact relied upon *with citation to the record where evidence of each such fact may be found*.

(b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. Ct. App. R. 6(a) and (b).

We agree with Defendants that Plaintiff's appellate brief is, with all due respect, quite deficient. Although portions of the brief contain an appropriate label, the brief lacks a statement of the case, appropriate references to the record in the statement of the facts, appropriate references to the record in the argument, or a statement of the applicable standard(s) of review. Tenn. R. App. P. 27(a). Plaintiff's written argument on the issues he raises lacks a statement showing how any alleged trial court error was seasonably called to the trial judge's attention, a statement reciting wherein Plaintiff was prejudiced by such alleged error, or a statement of each determinative fact relied upon. Tenn. Ct. App. R. 6(a).

Moreover, Plaintiff's written argument on appeal contains very few citations to the record. Tenn. R. App. P. 27(a)(7); Tenn. Ct. App. R. 6(b).

Generally, we only consider the issues that are properly raised, argued, and supported with relevant authority. *See Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001) ("[F]or an issue to be considered on appeal, a party must, in his brief, develop the theories or contain authority to support the averred position . . . ."); *see also* Tenn. R. App. P. 13(b) ("Review generally will extend only to those issues presented for review."). We agree with Defendants that Plaintiff has failed to comply with Tennessee Rule of Appellate Procedure 27(a) and Rule 6 of the Rules of the Court of Appeals. Ordinarily, "failure to comply with the Rules of Appellate Procedure and the Rules of this Court" constitutes a waiver of the issues raised by the appellant. *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000).

We believe that the aforementioned shortcomings in the brief are due, in part, to Plaintiff's status as a pro se litigant. This court "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) (citing *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996)). It is well-settled that "[w]hile a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, [p]ro se litigants are not . . . entitled to shift the burden of litigating their case[s] to the courts." *Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009) (internal citations omitted). However, "[t]he courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs." *Young*, 130 S.W.3d at 63. Although this appeal is subject to dismissal due to Plaintiff's significantly deficient brief, we nonetheless exercise our discretion to consider the issues raised, as best as possible, given the state of the briefing and the state of the appellate record before us. *See* Tenn. R. App. P. 2. We caution litigants that our decision to entertain this appeal on the merits does not mean that we will be as lenient in the future.

B.

Plaintiff takes issue with the trial court's granting, in part, his motion to amend the complaint and then immediately proceeding to hear Defendants' motion for summary judgment. He complains that this denied him an opportunity to "see a response" from Defendants to the amended complaint and an "opportunity to continue to negotiate a settlement." Upon our review of the transcript, we see that during the hearing Plaintiff asserted that his amended complaint sought the same relief as the original complaint. Indeed, Defendants' counsel argued against Plaintiff's motion to amend for that same reason by pressing that amendment would be futile because the facts, parties, and claims

in the original complaint were the same as those of the proposed amended complaint. Once the trial court granted Plaintiff's motion to amend, the amended complaint was referenced as the relevant document throughout the hearing on Defendants' motion for summary judgment.

On appeal, Plaintiff has cited no relevant legal authority to demonstrate why the course of action referenced above prejudiced him or constitutes reversible error. More importantly, the Rules of Appellate Procedure provide that this court is not required to grant relief with respect to an alleged error of the trial court if the complaining party "failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." Tenn. R. App. P. 36(a). Plaintiff does not cite to any place in the record where he objected to the above course of proceedings, so he cannot now complain that the trial court's action was erroneous based upon this issue. *See, e.g., Ford v. Ford*, No. E2005-01772-COA-R3-CV, 2006 WL 842890, at *2 (Tenn. Ct. App. Mar. 30, 2006):

> When a trial court makes an [alleged] error . . . , an aggrieved party cannot remain silent, 'tuck' the error away in the party's hip pocket, and then use it on appeal to his or her advantage. The timely calling of an error to the attention of the trial court, in many cases, will render an appeal unnecessary. That is the whole purpose behind Tenn. R. App. P. 36(a).

Therefore, we find no basis to grant Plaintiff relief based on this issue.

### C.

On appeal, Plaintiff offers a one-page argument which vaguely references the trial court's grant of summary judgment in favor of Defendants. Plaintiff repeats certain allegations and argues that the trial court's ruling in Defendants' favor "denied [his] right to due process and the requested jury trial." Plaintiff does not address the actual motion for summary judgment or related filings, the applicable Rules of Civil Procedure governing summary judgment, or the applicable standard of review. Respectfully, Plaintiff's brief contains no argument that addresses the actual basis for the trial court's grant of summary judgment. This court has previously held that an appellant's failure to include a "properly supported argument responsive to the trial court's dispositive ruling in th[e] case" may result in a waiver on appeal. *Augustin v. Bradley Cnty. Sheriff's Off.*, 598 S.W.3d 220, 226–27 (Tenn. Ct. App. 2019). For this reason, the issue is waived.

Even if we could reach the issue, our review would be constrained because the appellate record does not contain the motion for summary judgment, all of the affidavits and exhibits, the depositions, or Defendants' statement of the material facts pursuant to

Tennessee Rule of Civil Procedure 56.03. We can only surmise that there remain other crucial filings which are referenced in certain portions of the record, but not included in it. It is Plaintiff's duty as the appellant "to prepare the record which conveys a fair, accurate, and complete account of what transpired in the trial court regarding the issues which form the basis of the appeal." *In re M.L.D.*, 182 S.W.3d 890, 894 (Tenn. Ct. App. 2005); *see also Chiozza*, 315 S.W.3d at 489 ("This Court's review is limited to the appellate record and it is incumbent upon the appellant to provide a record that is adequate.").

D.

Ahead of the August 13, 2021 hearing, Plaintiff filed a proposed agenda which listed certain of his previously filed motions. Later, he mailed the agenda to the trial judge. At the hearing, after the trial court granted Plaintiff's motion to amend, he inquired about the agenda. The trial court related to Plaintiff that his motion to amend and Defendants' motion for summary judgment were the only motions that had been set for hearing on that date. The trial court proceeded to hear the parties' arguments on the motion for summary judgment. Plaintiff did not object. Following the grant of summary judgment, the trial court ruled as follows:

> All other motions and petitions filed by either party including, but not limited to, the motion to set agenda for hearing, request to the Court to electronically record all hearings, motion to rule of [sic] point of law, motion on admissibility of evidence, motion to compel discovery, motion to grant jury trial, motion for pre-trial injunctive relief and witness list, and motion to set trial date are hereby denied and/or dismissed, as may be appropriate including, but not limited to, upon the ground of mootness based upon the Court's grant of summary judgment . . . .

On appeal, Plaintiff asserts, without citation to relevant legal authority, that the trial court erred in not hearing the various motions which were not set for hearing and which were rendered moot by the granting of the dispositive motion. Defendants respond that Plaintiff had properly set his motion to amend for hearing, so he was well aware of Fifth Judicial District Circuit Court Local Rule 5 which provides, that "[a]ll hearing dates for motions except for hearing dates set by the Clerk shall be first confirmed with the judge's secretary and then confirmed in writing to the Judge's secretary with a copy to opposing counsel or the opposing party if pro se."

We find Plaintiff's unsupported argument to be without merit. A dispositive motion is "[a] motion for a trial-court order to decide a claim or case in favor of the movant without further proceedings; specif., a motion that, if granted, results in a judgment on the case as

- 11 -

a whole, as with a motion for summary judgment or a motion to dismiss." *See Motion*, *Black's Law Dictionary* (11th ed. 2019). Because the summary judgment motion in this case was dispositive, we find that the trial court did not err in denying or dismissing the outstanding motions as moot. Plaintiff also contends that the trial court did not rule on the objections he made at the hearing. Our review of the transcript indicates that the trial court ruled on Plaintiff's objections, so this argument is unavailing.

E.

Plaintiff contends that the September 3, 2021 order does not reflect the trial court's independent judgment because it was prepared by Defendants' counsel. Again, Plaintiff asks this Court for relief when he made no objection in the trial court. *See* Tenn. R. App. P. 36(a). Plaintiff's argument on this issue is also disingenuous because the record shows that he himself reviewed and approved the party-prepared order and gave Defendants' counsel permission to sign his name to it.

Tennessee Rule of Civil Procedure 56.04 provides that "[t]he trial court shall state the legal grounds upon which the court denies or grants the motion [for summary judgment], which shall be included in the order reflecting the court's ruling." In *Smith v. UHS of Lakeside, Inc*., 439 S.W.3d 303 (Tenn. 2014), our Supreme Court explained the application of this rule in the context of party-prepared orders on summary judgment:

> At the outset, we do not find that Tenn. R. Civ. P. 56.04 is in any way inconsistent with the custom of permitting trial courts to request and consider proposed orders prepared by the prevailing party. However, as we emphasized in the context of the findings of fact and conclusions of law required by Tenn. R. Civ. P. 52.01, Tenn. R. Civ. P. 56.04 must be interpreted in a way that assures that a trial court's decision whether to grant or deny a motion for summary judgment is its own. *Delevan-Delta Corp. v. Roberts*, 611 S.W.2d at 53.

*Smith*, 439 S.W.3d at 316 (footnote omitted). The Supreme Court concluded "that Tenn. R. Civ. P. 56.04 requires the trial court, upon granting or denying a motion for summary judgment, to state the grounds for its decision before it invites or requests the prevailing party to draft a proposed order." *Id*. (footnote omitted). As to party-prepared orders generally, these are permitted if "two conditions are satisfied. First, the findings and conclusions must accurately reflect the decision of the trial court. Second, the record must not create doubt that the decision represents the trial court's own deliberations and decision." *Id*. at 315–16.

Our review of the summary judgment hearing transcript indicates that the trial court clearly stated the legal grounds upon which Defendants' summary judgment motion was granted. Tenn. R. Civ. P. 56.04. In its ruling from the bench, the trial court specifically referenced the undisputed facts and explained to Plaintiff that the ruling was based on Defendants' statement of material facts because Plaintiff had failed to respond to them in compliance with Rule 56.03 and had not presented countervailing evidence. *See* Tenn. R. Civ. P. 56.04 ("[T]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file . . . show that there is no genuine issue as to any material fact[.]"). Reading the final order, which incorporated the portion of the transcript containing the court's ruling, we discern that the order's findings and conclusions accurately reflect the trial court's decision. *Smith*, 439 S.W.3d at 316. Further, the record does not create doubt that the decision represents the trial court's own deliberations and decision. *Id*. As such, we find and hold that the trial court complied with Tennessee Rule of Civil Procedure 56.04 and with *Smith v. UHS of Lakeside, Inc.*

F.

Following a hearing and by order entered January 31, 2022, the trial court granted Mr. Heinemann's motion for attorney fees and costs incurred in defending this action. Litigants are generally required to pay their own attorney fees unless a statute or contractual provision provides otherwise. *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 309 (Tenn. 2009). The Tennessee Governmental Tort Liability Act concerns the award of attorney fees and costs to government employees sued in their individual capacity and provides as follows:

> (a) Notwithstanding § 20-12-119(c)(5)(A), if a claim is filed with a Tennessee or federal court, the Tennessee claims commission, board of claims, or any other judicial body established by the state or by a governmental entity of the state, against an employee of the state or of a governmental entity of the state in the person's individual capacity, and the claim arises from actions or omissions of the employee acting in an official capacity or under color of law, and that employee prevails in the proceeding as provided in this section, then the court or other judicial body on motion shall award reasonable attorneys' fees and costs incurred by the employee in defending the claim filed against the employee.

> (b) For purposes of this section, the employee shall be the prevailing party if:

(1) The employee successfully defends the claim alleging individual liability; or

(2) The claim of individual liability is dismissed with or without prejudice after forty-five (45) days have elapsed after an answer or other responsive pleading is filed in which the employee asserts the employee was not acting within the employee's individual capacity at the time of the matters stated in the complaint.

(c) The inclusion of an additional claim against the employee in official capacity in the same proceeding shall not preclude the employee from obtaining the remedies provided in this section that are related to the claim against the employee in individual capacity.

(d) Attorneys' fees and costs shall be paid to the state, or a governmental entity of the state, if either the state or the governmental entity represents, or retains and agrees to pay for counsel to represent, the employee sued in an individual capacity. If the state has not made such agreement, the attorneys' fees and costs shall be paid to the employee, or to counsel representing the employee. Attorneys' fees shall be calculated at a reasonable rate paid to attorneys of similar experience in private practice in the county where the proceeding is initiated.

Tenn. Code Ann. § 29-20-113. Mr. Heinemann was sued in his individual capacity for actions taken in his official capacity on behalf of BMHI. Also, Mr. Heinemann was the prevailing party, within the meaning of the statute, because he successfully defended the claims against him. Therefore, we affirm the trial court's order awarding $17,970.00 for reasonable attorney fees and costs to Mr. Heinemann.


## V.    CONCLUSION

We affirm the trial court's judgment. The case is remanded for such further proceedings as are necessary and consistent with this opinion and for entry of judgment upon the award of attorney fees and costs to defendant-appellee, Irwin Donald Heinemann. Costs of the appeal are taxed to the appellant, Kevin J. McNeill.


_____
JOHN W. McCLARTY, JUDGE


- 14 -